FILED
7/1/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. **1:21-CR-00409** |
| v. | Violations: Title 8, United States Code, Section 1325(c); Title 18, United States Code, Sections 371, 1001, and 2 |
| ANTHONY EMEKA IBEKIE, JENNIFER GOSHA, EBUKA ELTON-JOHN EGBUNAM, and DESEAN MOBLEY | **INDICTMENT**  JUDGE CHANG  MAGISTRATE JUDGE COX |

## COUNT ONE

THE SPECIAL JANUARY 2020 GRAND JURY alleges:

1. From in or around March 2019, and continuing through in or around January 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY EMEKA IBEKIE,
JENNIFER GOSHA,
EBUKA ELTON-JOHN EGBUNAM, and
DESEAN MOBLEY,

defendants herein, conspired with each other and with others known and unknown to the Grand Jury, to commit an offense against the United States, namely, to knowingly and unlawfully enter into a fraudulent marriage for the purpose of evading a provision of the immigration laws, namely Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for or on the basis of a marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant, and to aid and abet the commission of said offense, in

violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

2. It was part of the conspiracy that defendant EGBUNAM, a Nigerian national and relative of defendant IBEKIE, and defendant MOBLEY, a United States citizen and relative of defendant GOSHA, did knowingly and unlawfully enter into a fraudulent marriage for the purpose of evading a provision of the immigration laws.

3. It was further part of the conspiracy that defendant GOSHA recruited others, including first Individual A and, when Individual A refused to marry defendant EGBUNAM, then defendant MOBLEY, to enter into a fraudulent marriage with defendant EGBUNAM on behalf of defendant IBEKIE, who agreed to pay Individual A and defendant MOBLEY a sum of money in exchange for their agreement to enter into a fraudulent marriage with EGBUNAM.

4. It was further part of the conspiracy that defendant EGBUNAM applied for permanent residency in the United States based on his fraudulent marriage to defendant MOBLEY.

5. It was further part of the conspiracy that defendants MOBLEY and GOSHA sponsored defendant EGBUNAM's application for permanent residency, including by filing sworn affidavits in support thereof that contained materially false statements, such as stating that defendants MOBLEY, GOSHA, and EGBUNAM lived at the same address when, in fact, they did not.

6. It was further part of the conspiracy that defendants IBEKIE, GOSHA, EGBUNAM, and MOBLEY concealed and hid, and caused to be concealed and hidden, the purposes of the acts done in furtherance of the conspiracy.

## OVERT ACTS

7. In furtherance of and to effect the objects of the conspiracy, defendants IBEKIE, GOSHA, EGBUNAM, and MOBLEY, with others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in the Northern District of Illinois:

    a. Between in or around March and June 2019, defendant GOSHA recruited Individual A, on behalf of defendant IBEKIE, to enter into a fraudulent marriage for immigration purposes with defendant EGBUNAM, in exchange for approximately $7,000 to be paid by defendant IBEKIE.

    b. Between in or around March and June 2019, defendant IBEKIE paid Individual A approximately $1,000, as partial payment for Individual A entering into a fraudulent marriage for immigration purposes with defendant EGBUNAM.

    c. On or about March 24, 2019, using coded language in electronic message communications, defendant IBEKIE instructed defendant EGBUNAM to travel to the DuPage County Clerk's office for a marriage ceremony a few days later.

    d. On or about March 24, 2019, using coded language in electronic message communications, defendant IBEKIE told defendant EGBUNAM that the marriage ceremony between Individual A and EGBUNAM would not occur as planned, and that defendant IBEKIE was "weighing other options."

e. On or about March 27, 2019, using coded language in text message communications, defendant MOBLEY told defendant GOSHA that he would enter into a fraudulent marriage for immigration purposes in exchange for approximately $7,000, and defendant GOSHA responded that she would mention defendant MOBLEY's willingness to do so with defendant IBEKIE.

f. Between in or around May 2019 and June 2019, after Individual A declined to marry defendant EGBUNAM, defendant GOSHA recruited defendant MOBLEY, on behalf of defendant IBEKIE, to enter into a fraudulent marriage for immigration purposes with defendant EGBUNAM, in exchange for approximately $7,000 to be paid by defendant IBEKIE.

g. On or about June 6, 2019, using coded language in text message communications, defendant GOSHA told defendant MOBLEY that he would receive the money from defendant IBEKIE that was originally intended for Individual A, and that defendant GOSHA was working to recover approximately $1,000 that defendant IBEKIE already paid to Individual A before Individual A declined to marry defendant EGBUNAM.

h. On or about June 11, 2019, using coded language in text message communications, defendants GOSHA and MOBLEY discussed traveling to the Kane County, Illinois, courthouse to conduct a marriage ceremony, and defendant GOSHA instructed defendant MOBLEY to tell defendant IBEKIE that "I," meaning, defendant GOSHA, "have the documents."

i. On or about June 11, 2019, defendants EGBUNAM and MOBLEY were married at the Kane County Judicial Center.

j. On or about June 20, 2019, defendant EGBUNAM told defendant MOBLEY that defendant IBEKIE wanted to arrange a meeting with an immigration lawyer.

k. On or about August 12, 2019, using coded language in text message communications, defendant EGBUNAM discussed his application for permanent residency in the United States with defendant MOBLEY, recommending that "your mum," meaning defendant GOSHA, "should be our sponsor to make it more believable."

l. On or about December 18, 2019, using coded language in text message communications, defendant GOSHA discussed money that she expected to pay to defendant MOBLEY, who replied, "I'm not worried about you. ANTHONY," meaning defendant IBEKIE, "NEEDS TO PAY ME."

m. On or about December 20, 2019, defendant EGBUNAM submitted or caused to be submitted a Form I-485 (Application to Register Permanent Residence or Adjust Status), listing his fraudulent marriage to defendant MOBLEY as the basis for the application, certifying under penalty of perjury that the information contained within his application was complete, true, and correct.

n. On or about December 20, 2019, defendant MOBLEY submitted or caused to be submitted a Form I-130 (Petition for Alien Relative), in support of defendant EGBUNAM's application for permanent residency in the United States,

falsely representing that they lived together and certifying under penalty of perjury that the information contained within his petition was complete, true, and correct.

   o. On or about December 20, 2019, defendant MOBLEY submitted or caused to be submitted a Form 1-864 (Affidavit of Support Under Section 213A of the INA), as a sponsor in support of defendant EGBUNAM's application for permanent residency in the United States, certifying under penalty of perjury that the information contained within his affidavit was complete, true, and correct.

   p. On or about December 20, 2019, defendant GOSHA submitted or caused to be submitted a Form I-864 (Affidavit of Support Under Section 213A of the INA), as a joint sponsor in support of defendant EGBUNAM's application for permanent residency in the United States, certifying under penalty of perjury that the information contained within her affidavit was complete, true, and correct.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

THE SPECIAL JANUARY 2020 GRAND JURY further alleges:

1. The allegations in paragraphs 1 through 7 of Count One of this indictment are incorporated here.

2. On or about June 11, 2019, in the Northern District of Illinois, Eastern Division,

EBUKA ELTON-JOHN EGBUNAM and
DESEAN MOBLEY,

defendants herein, knowingly entered into a marriage for the purpose of evading a provision of the immigration laws of the United States, namely Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for or on the basis of a marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT THREE

THE SPECIAL JANUARY 2020 GRAND JURY further alleges:

1. The allegations in paragraphs 1 through 7 of Count One of this indictment are also incorporated here.

2. Prior to on or about July 16, 2020, agents assigned to the Department of Homeland Security, Homeland Security Investigations ("HSI") located at Oakbrook Terrace, in the Northern District of Illinois, and agents assigned to the Internal Revenue Service – Criminal Investigations ("IRS-CI") located in Schiller Park, in the Northern District of Illinois, had initiated an investigation of defendants IBEKIE, GOSHA, EGBUNAM, and MOBLEY, among others, concerning potential violations of federal criminal law.

3. One issue material to the investigation was defendant EGBUNAM's immigration status in the United States, including his application for permanent residency based on his marriage to defendant MOBLEY.

4. On or about July 16, 2020, in the Northern District of Illinois, Eastern Division,

EBUKA ELTON-JOHN EGBUNAM,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of HSI, an agency within the executive branch of the United States government, and IRS-CI, an agency within the executive branch of the United States government, when

defendant EGBUNAM was interviewed by IRS-CI agents and stated that he was not married.

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Timothy J. Storino on behalf of the
UNITED STATES ATTORNEY